UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

      Plaintiff,

                                          No. 13-20732

vs.                                      Hon. Gerald E. Rosen

**D-2 DEONTAE SCHUMAKE**

      Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO OBTAIN SENTENCING/PLEA HEARING TRANSCRIPTS**

On December 11, 2013, this Court accepted a Rule 11 Plea Agreement related to Defendant Deontae Schumake's involvement in a carjacking offense in Detroit on September 19, 2013. *See* Rule 11 Plea Agreement, Dkt. # 29, *see also* Indictment, Dkt. # 20. The Plea Agreement specified that, based on the understanding of the parties, the total Sentencing Guidelines range would be 114 to 121 months, provided that the Court did not find that Defendant's criminal history category was higher than anticipated or any other enhancement was warranted. Rule 11 Plea Agreement, at 2B. At sentencing on September 25, 2014, the Court downward departed from the Guideline range and imposed a total sentence of 104 months' incarceration. Judgment, Dkt # 42, at 2.

1

Presently before the Court is Defendant's *pro se* Motion to Obtain various documents related to his prosecution, including sentencing and plea hearing transcripts, discovery material, the docket sheet, and the indictment. Dkt. # 43. Defendant states that he requires these materials in order for him to proceed with a Habeas Corpus petition, though he makes no specific indication as to the grounds for such a petition. *Id.* at 1.

"The right to free transcript is not a necessary concomitant of writ of habeas corpus." *United States v. MacCollom*, 426 U.S. 317, 322-323 (1976); *see also Lucas v. United States*, 423 F.2d 683, 684 (6th Cir. 1970) ("[A]n indigent prisoner is not entitled to a free transcript for the sole purpose of framing a motion under Section 2255."); *Bentley v. United States,* 431 F.2d 250, 254 (6th Cir. 1970) (similar); *Rickard v. Burton*, 2 F. App'x 469, 470 (6th Cir. 2001) (similar). Rather, "[u]nder 28 U.S.C. § 753(f), the United States shall pay the fees for transcripts provided to an individual with pauper status if the trial judge or circuit judge certifies that the appeal is not frivolous, but presents a substantial question. Conclusory allegations in support of a request for free transcripts do not satisfy these requirements." *Amadasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008) (citations omitted). Defendant must satisfy two conditions in order to receive a free transcript. First, he must be certified to proceed *in forma pauperis* under 28 U.S.C. § 1915. *United States v. Chambers*, 788 F. Supp. 334, 338 (E.D.

2

Mich. 1992). Second, he must submit a motion for a free transcript setting forth specific factual allegations in support of his forthcoming § 2255 motion. *Id.* The Court, in turn, will examine that motion to determine whether it is frivolous and whether the requested transcripts are needed to decide the issues to be raised in the § 2255 motion. It will then decide whether or not to grant his motion for free transcripts and other materials. *Id.*

Defendant has not satisfied either of these conditions. First, Defendant has not submitted an application to proceed *in forma pauperis*. Second, Defendant has failed to identify the grounds for his forthcoming § 2255 claim. Without any such identification, the Court is unable to determine whether the claim is frivolous and whether the requested court documents are needed to decide the issue. If Defendant wishes to obtain the requested documents without cost, he must file an application to proceed *in forma pauperis* and further state the grounds on which his Habeas motion will be based.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Obtain Sentencing/Plea Hearing Transcripts (Dkt. # 43) is DENIED.

**IT IS SO ORDERED.**

Dated: August 5, 2015                     s/Gerald E. Rosen
                                          Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 5, 2015 by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135