UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTAE SCHUMAKE,

                    Petitioner,                    Crim. No. 13-cr-20732
                                                    Civ. No.   16-cv-10012
vs.                                                Hon. Gerald E, Rosen

UNITED STATES OF AMERICA,

                    Respondent.
_____/

MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
§ 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on February 11, 2016

PRESENT:  Honorable Gerald E. Rosen
                       United States District Judge

On December 11, 2013, Petitioner Deontae Schumake pled guilty pursuant to a

Rule 11 Plea Agreement to one count of carjacking in violation of 18 U.S.C. § 2119

(Count 1) and one count of use of a firearm during and in relation to a crime of violence,

18 U.S.C. § 924(c) (Count 2).  He was sentenced on September 25, 2014 to consecutive

sentences of 20 months imprisonment on Count 1 and 84 months on Count 2, and a

Judgment of Conviction was entered accordingly on September 29, 2014.

On January 4, 2016, Petitioner filed a § 2255 Motion to Vacate his sentence.

Having reviewed and considered this matter, the Court finds that the files and records of

1

the case conclusively show that Petitioner is entitled to no relief.  Therefore, pursuant to

28 U.S.C. § 2255(b), the Court concludes that no hearing nor any further briefing from

either Petitioner or Respondent is necessary.  This Memorandum Opinion and Order sets

forth the Court's ruling.

## I.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes that

state and federal prisoners have a one-year limitations period in which to file a habeas

corpus petition or § 2255 motion.  *See* 28 U.S.C. § 2255(f); *Mayle v. Felix*, 545 U.S. 644,

655, 125 S.Ct. 2562, 2569 (2005).  The limitation period runs from the latest of:

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Relevant here is subsection (f)(1) -- the date on which the judgment of conviction

became final.

Generally, a conviction becomes final upon conclusion of direct review. *See*

*Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir.2004) (citing *United*

2

*States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)).  When a federal criminal defendant appeals to the court of appeals, the judgment of conviction becomes final for § 2255 purposes upon the expiration of the ninety-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition is filed. *See id*. at 426-27 (citing *Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072 (2003) (reading the words "becomes final" in § 2255 to have the same meaning as the analogous provision for state prisoners in 28 U.S.C. § 2244(d)(1)(A), which specifies "by the conclusion of direct review or the expiration of the time for seeking such review")).

Using the same reasoning, the Sixth Circuit has held  that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Id*. at 427. Thus, for purposes of this matter, that period expired 14 days after the entry of judgment, or October 13, 2014.  See Fed. R. App. P. 4(b)(1).[1]  Therefore, to have been timely, Petitioner's § 2255 motion had to have been filed one-year from October 13, 2014 -- i.e., by October 13, 2015. Petitioner, however, did not file his motion until January 4, 2016 -- two and a half months

---

[1]  Notwithstanding whether Petitioner's claim of ineffective assistance of counsel would have warranted relief, *see United States v. Peak*, 992 F.2d 39, 40 (4th Cir. 1993) -- which in light of Petitioner's waiver of his appeal rights in the  Rule 11 Plea Agreement it would not -- such a claim does not call into question the finality of the judgment for purposes of § 2255's statute of limitations. *See Portuondo-Gonzales v. United States*, 188 F. Supp. 2d 715, 720-721 (W.D. Ky. 2011) (disregarding attorney's alleged failure to timely file requested notice of direct appeal when calculating the date of final judgment for § 2255 purposes).

too late.

When a petitioner fails to comply with the § 2255 statute of limitations period, the Court may consider whether the one-year statute of limitations should be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2562 (2010). A habeas petitioner is entitled to equitable tolling only if he establishes that he has been "pursuing his rights diligently," and that "some extraordinary circumstance stood in his way and prevented timely filing."560 U.S. at 649. This inquiry is made on a case-by-case basis. *Id.*  A petitioner bears the burden of showing his entitlement to equitable tolling. *See id.*

Petitioner Schumake has not shown an entitlement to equitable tolling.  Indeed, in his motion, he fails to even acknowledge -- let alone excuse -- his filing delay.

An actual innocence claim can also overcome the AEDPA one-year statute of limitations for filing habeas petitions. *McQuiggin v. Perkins*, ___U.S. ___, 133 S.Ct. 1924, 1931-35, 185 L.Ed.2d 1019 (2013). To establish a credible claim of actual innocence, a habeas petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of "new reliable evidence --whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995). Application of the *Schlup* standard makes it clear that Petitioner does not present a credible claim of actual innocence. He offers no new evidence and, therefore, fails to meet a necessary requirement.

For the foregoing reasons, Petitioner's § 2255 motion will be DENIED.

4

## II. <u>CERTIFICATE OF APPEALABILITY</u>

Because Petitioner's claim for relief lacks merit, the Court also denies a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). For the reasons stated above, the Court will deny Petitioner Schumake a certificate of appealability because, based upon the undisputed facts controlling the issue of the statute of limitations, reasonable jurists could not find this Court's assessment of Petitioner's claims debatable. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## III. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner Deontae Schumake's Motion to

Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 **[Dkt. # 45]** is DENIED,

with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is DENIED.

Petitioner's Motion for Change of Plea and Sentencing Transcript **[Dkt. # 49]** is

also denied as MOOT.


s/Gerald E. Rosen_____
United States District Judge

Dated:  February 11, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on February 11, 2016, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135

6